DEL ROSARIO ET AL., PLAINTIFFS AND APPELLANTS, *v.* PIZÁ, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action of Revendication.

No. 2865.—Decided July 24, 1923.

REVENDICATION—EVIDENCE—IDENTITY OF PROPERTY—COMPROMISE.—In an action of revendication the burden is on the plaintiff to identify the property and such identification must not only be sufficient to enable the marshal to seize the property, but also to establish the identity between the property claimed

and that held by the defendant. The fact that the defendant may have compromised a previous suit brought by other alleged co-owners to recover a property alleged to be the same property sued for in this case, does not have the effect of an admission of the justice of the claim.

The facts are stated in the opinion.

*Mr. J. G. Torres* for the appellants.

*Mr. M. Travieso* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainants, after introducing evidence of a recorded title, presented three witnesses who said they knew the fifty acres of property in Toa Baja here sought to be revendicated, and two of them testified that the defendant was in possession of the same. The third spoke by hearsay. The defendant gave testimony denying all knowledge of the complainants, proved title to 411 acres in Toa Baja and said that he owned no other land in Toa Baja. In rebuttal there was some vague testimony that needs no particular consideration.

With this and other evidence before it the District Court of San Juan rendered judgment for the defendant, finding that the complainants had not identified the property and had not proved a title sufficient to permit a marshal to seize it, and also found substantially that the defendant had shown an acquisitive possession of all the property, supposing that he was in possession of any claimed by complainants.

The appellants say that the theory of the court was exclusively that the defendant had proved title to a certain 411 acres, and that the claimants do not maintain that their property lies within the perimeter of said 411 acres. The district court, however, evidently believed the statement of the defendant that he owned no other land in Toa Baja, and in the absence of a strong showing to the contrary we find no reason to doubt the finding. Appellants also say that the Treasurer's return shows that defendant owned 491 acres in Toa Baja. Even supposing the defendant owned

the difference of 80 acres independently, it was the duty of appellants to identify their land as within the 80 acres.

The complainants here are claiming five-sevenths of the land in question. Two of the same family filed a suit against defendant in the Federal Court, which the defendant compromised and obtained the title of the then complainants. He tried to record this title and failed. Appellants attempt to interpret these acts as tending to identify the property sought to be revendicated. The defendant denied all knowledge of where the property so bought is located and fully explained the settlement made in the Federal Court as being due to the absence of his counsel. A man may compromise a pending claim and such a compromise only rarely may prove that the complainant had a true claim. A defendant may settle a claim without admitting that the claim is just.

In any event, what the defendant acquired in his compromise was the two-sevenths of the portion of the same land said to be owned by the complainants. The complainants then were nevertheless bound to identify the land in question and show that the defendant was in actual possession of the whole land. By the acquisition of this two-sevenths portion the defendant acquired possession, but it is not shown that he holds the other five-sevenths adversely to the complainants. He would have a clear right to the two-sevenths bought and complainants would have no right to revendicate the said two-sevenths.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.